# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FIRE INSURANCE EXCHANGE, § | | |
| *as subrogee of* SUN MYUNG HWANG, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| vs. § | CIVIL ACTION H-08-1786 | |
| § | | |
| TARGET CORPORATION, *et al.*, § | | |
| § | | |
| *Defendants*. § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is intervenor/plaintiff Jane Willis's motion to remand under 28 U.S.C. § 1447(c). Dkt. 11. Having considered the parties' pleadings, arguments, and the applicable law, the court is of the opinion that Willis's motion should be GRANTED.

## BACKGROUND

On November 26, 2007, plaintiff Fire Insurance Exchange ("Fire Insurance"), as subrogee of Sun Myung Hwang, filed its original petition in the 234th Judicial District Court of Harris County, Texas, against defendant Target Corporation ("Target"). Dkt. 6, Ex. B. In the petition, Fire Insurance claims property damage in the amount of $60,000 to Hwang's townhome resulting from a fire that started in the townhouse of his neighbor, Willis, on October 18, 2006. *Id.* On April 10, 2008, Willis filed a petition in intervention ("Initial Pleading") against Target, and Target received a copy of the Initial Pleading on April 11, 2008.[1] Dkt. 11.

Willis alleges in her Initial Pleading that a fire erupted in her unit when a lamp she had purchased at Target short circuited and caught the drapes, which she also purchased at Target, on

---

[1] While Fire Insurance subsequently amended its complaint to add two additional defendants, Adesso, Inc. and Dongguan Ya Cen Zhao Ming, Co., Ltd., Willis seeks recovery only against Target.

fire. *Id.* She claims the fire spread through her residence and her mother, unable to exit the unit, died in the fire. *Id.* Willis asserts the fire caused extensive property damage to her home and most of her personal belongings. *Id.* Additionally, she claims she suffered personal injury in the form of first and second degree burns which required extended hospitalization, smoke inhalation, emotional distress from her contemporaneous observance of the accident, and loss of consortium as a result of her mother's death. *Id.* Willis asserts negligence, products liability, and wrongful death causes of action and seeks damages for property damage and loss of personal belongings, past and future physical pain and suffering, past and future medical expenses, past and future loss of income and earning capacity, past and future disfigurement, past and future impairment, past and future loss of consortium, and past and future mental anguish. *Id.* In addition to her actual damages, Willis also seeks exemplary damages for the wrongful death of her mother. *Id.*

After receiving the Initial Pleading on April 11, 2008, Target filed special exceptions requesting Willis to set forth a specific amount in controversy. Dkt. 12. On May 16, 2008, Willis filed a first amended petition ("Amended Pleading") stating that the maximum amount she is seeking is $3,750,000. Dkt. 12. Target then removed the case to federal court on June 4, 2006. Dkt. 12. Willis filed the instant motion on July 1, 2008. Dkt. 11. Willis requests that the court remand the case because Target's removal was not timely. *Id.*

## ANALYSIS

Willis asserts that the case should be remanded to state court because Target's removal was untimely under 28 U.S.C. 1446(b). Specifically, Willis argues that the thirty-day time period in which a defendant may file a notice of removal started to run when Target received the Initial Pleading on April 11, 2008, because it is apparent on its face that the amount in controversy exceeds

$75,000.  Thus, Willis contends, because Target waited more than thirty days after receiving the Initial Pleading to remove the case, the removal was untimely.  Target argues that the thirty-day removal window was not triggered until Willis filed her Amended Pleading on May 16, 2008; therefore, its notice of removal was timely filed on June 4, 2008, well within the thirty-day window.  Target asserts that the Initial Pleading did not trigger the thirty-day window because it did not specifically state the amount of damages Willis was seeking.  Therefore, the question presented to the court is whether the Initial Pleading filed on April 11, 2008, or the Amended Pleading filed on May 16, 2008, triggered the thirty-day window in which Target could properly remove the case to federal court.

The first paragraph of 28 U.S.C. § 1446(b) states, "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  In the seminal case elaborating on the requirements of the first paragraph of § 1446(b), the Fifth Circuit attempted to promote "certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Chapman*, 969 F.2d at 163.  The *Chapman* court held that a pleading "set[s] forth" a removable claim, thereby triggering the thirty-day removal window, "when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of [§ 1332's  minimum amount in controversy]."[2]  *Chapman*, 969 F.2d at 163.  The circuit court found that such pleadings give

---

[2]     The plaintiff's initial pleading in *Chapman* revealed that there was complete diversity of citizenship between the parties but did not specify an amount in controversy.  *See Chapman*, 969 F.2d at 160.  Thus, the issue in *Chapman* was precisely the same as in the present case: whether an initial pleading failing to specify a dollar amount sought nevertheless sets forth a removable claim under the first paragraph of § 1446(b).  *See Chapman*, 969 F.3d at 162-63.  In *Chapman*, almost two months after filing the initial pleading, the plaintiff indicated through his answers to a set of interrogatories that he was seeking damages in excess of $800,000.  Ten days after receiving the plaintiff's interrogatory answers, the defendant filed a notice of removal in federal court.  The plaintiff moved the district court to remand the

3

defendants constructive notice that the asserted claims may be removed to federal court, *see id.*, and that a "notice of removal . . . shall be filed within thirty days after . . . receipt by the defendant." 28 U.S.C. § 1446(b). Furthermore, the circuit court adopted a "bright line rule" that a plaintiff may "place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional [minimum]" if he or she wishes to be certain that the thirty-day time period will begin to run from the defendant's receipt of the initial pleading. *See Chapman*, 969 F.2d at 163. The specific allegation puts a defendant on actual notice that a suit is removable, and the plaintiff is assured that it has triggered § 1446(b)'s thirty-day window.

In a subsequent case, the Fifth Circuit reiterated the initial pleading standard set out in *Chapman*. *See Bosky v. Kroger Texas*, *LP*, 288 F.3d 208, 210 (5th. Cir. 2002). The *Bosky* court opined that a comparison of the "key language" of the first paragraph of § 1446(b), requiring an initial pleading to "set forth" a removable claim, and the second paragraph of § 1446(b), requiring an "amended pleading, motion, order or other paper from which it may first be *ascertained*" that the claims are removable, would be helpful in understanding the distinctive requirements of each paragraph. 28 U.S.C. § 1446(b) (emphasis added). *Bosky* explains that "to set forth means to publish or to give an account or statement of," while "ascertain means to make certain, exact, or precise or to find out or learn with certainty." *Bosky*, 288 F.3d at 211 (internal quotation marks omitted). Given these definitions, the circuit court concluded that the language of the second paragraph purports a narrower standard than the first and requires "a greater level of certainty or that

---

case arguing that the defendant's removal was not timely under § 1446(b) because they did not remove the case within thirty days after receipt of the initial petition. The defendants, however, asserted that the interrogatory answer stating the amount in controversy was $800,000, not the initial pleading, triggered the thirty-day time period in which the defendant could properly remove the case.

the facts supporting removability be stated unequivocally" to trigger the thirty-day removal window.[3] *Id.* Hence, reading *Chapman* to require a specific allegation that damages are in excess of the federal jurisdictional minimum for an initial pleading to trigger the thirty-day removal window, as does Target, would conflict with *Bosky*.

Accordingly, because Willis's Initial Pleading did not specifically allege an amount in controversy, the issue is whether the Initial Pleading "affirmatively revealed on its face" that the amount in controversy exceeded the § 1332 federal jurisdictional minimum.[4] *See Chapman*, 969 F.2d at 163. Willis's Initial Pleading asserting negligence, products liability, and wrongful death causes of action arising from a substantial fire in her home, along with the extensive list of actual and exemplary damages she is seeking, affirmatively reveals on its face that the amount in controversy is substantially in excess of $75,000. The Initial Pleading, which was received by Target on April 11, 2008, sufficiently set forth a removable claim under the first paragraph of § 1446(b), thereby putting Target on notice that they had until May 11, 2008, to remove the case to federal court. Accordingly, Target's removal on June 4, 2008, was untimely, and the case must be remanded to state court.

---

[3]   The second paragraph of 28 U.S.C § 1446(b) states, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."

[4]   Were the court to accept Target's contention that *Chapman* requires a plaintiff to specifically allege in the initial pleading that the amount in controversy exceeds $75,000 in order to trigger the thirty-day removal window, a plaintiff could deliberately avoid making such an allegation until after the one-year time limit for removal, thereby avoiding federal jurisdiction. *See* 28 U.S.C § 1446(b) ("[A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.") Furthermore, the court refuses to turn *Chapman's* "bright line rule" into a "head in the sand rule." *See Wise v. Bayer*, 218 F. Supp.2d 878, 884 (W.D. La. 2003); *Century Assets Corp. v. Solow*, 88 F. Supp.2d 659, 663 (E.D. Tex. 2000); *Carleton v. CRC Industries, Inc.*, 49 F. Supp.2d 961, 962 (S.D. Tex. 1999).

## CONCLUSION

For the foregoing reasons, Willis's motion to remand is GRANTED. The case is REMANDED to the 234th Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on August 1, 2008.

Gray H. Miller
United States District Judge